FILED

JAN 25 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>BRENDA M. JOHNSON,<br>                 Debtor. | BAP Nos.  WW-23-1190<br>                 WW-23-1195<br>                 WW-23-1199 |
| BRENDA M. JOHNSON,<br><br>                 Appellant,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.;<br>AMAZON.COM SERVICES LLC;<br>EQUIFAX INFORMATION SERVICES,<br>LLC; STATE OF WASHINGTON;<br>PUYALLUP TRIBAL GAMING<br>ENTERPRISES, INC., dba Emerald Queen<br>Casino & Hotel; THE TRAVELERS<br>INDEMNITY COMPANY,<br><br>                 Appellees. | Bk. No. 15-41795-BDL<br><br>Adv. No. 23-04031-BDL<br><br><br><br>**ORDER RE FILING PAPERS VIA CM/ECF; TRANSCRIPT ISSUE, AND BRIEFING OF APPEAL**<br>**(Immediate Action Required)** |

Before: William J. Lafferty, III, Bankruptcy Judge.

On December 27, 2023, appellant filed a motion for leave to file via CM/ECF and an informal brief with respect to BAP Appeal Nos. WW-23-1190, WW-23-1195, and WW-23-1199. Appellant also filed a set of documents in support of the informal brief.

    1.      **Motion To File Via CM/ECF.**

The motion for leave to file via CM/ECF is ORDERED GRANTED, provided, however, that appellant follow all of the requirements set forth

in this order and abide by the Administrative Order Regarding Electronic Filing in BAP Cases at all times.

Appellant is required to follow all rules set forth in the BAP Administrative Order Regarding Electronic Filing and must monitor and read all e-mails from the court CM/ECF system. Appellant is required to keep current all e-mail address(es) attached to the CM/ECF account and must make any necessary changes to mailing or e-mail addresses through the CM/ECF system.

Failure to comply with the BAP Administrative Order Regarding Electronic Filing and the requirements of this order may result in sanctions, including revoking permission to file papers via CM/ECF.

**2.　　Transcript Issue.**

The Panel will waive the requirement of Fed. R. Bankr. P. 8018(b) that the appellant file and serve an appendix to the brief containing excerpts of the record. However, appellant must file a copy of all transcripts necessary for determination of this appeal. It appears that there were hearings held at the bankruptcy court with respect to the orders on appeal on November 8, 2023, and December 18, 2023. One or both of these transcripts may be necessary to the determination of these appeals.

IT IS ORDERED THAT appellant must file any necessary transcripts by **Thursday, February 15, 2024**.  If appellant does not provide the necessary transcript(s) by the **Thursday, February 15, 2024**, deadline, the Panel may assume that there is nothing in the transcript(s) that appellant believes will help her position on appeal and may dismiss or summarily affirm the appeals. *See* 9th Cir. BAP R. 8009-1; *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994). *State of California v. Yun (In re Yun)*, 476 B.R.243, 253-54 (9th Cir. BAP 2012).

3.  **Briefing of Appeal.**

A briefing schedule will be issued with respect to these appeals. Appellees may file a single brief covering all three appeals or a separate brief for each appeal. Appellees' responsive brief and any supplemental excerpts of the record must be filed no later than **Monday, March 11, 2024**.