| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | **UNITED STATES BANKRUPTCY APPELLATE PANEL** | |
| 4 | **OF THE NINTH CIRCUIT** | |
| 5 | | |
| 6 | In re | BAP Nos. |
| 7 | BRENDA M. JOHNSON, | WW-23-1190; WW-23-1195; |
| 8 | Debtor. | WW-23-1199 |
| 9 | | Bankr. No. 3:15-bk-41795-BDL<br>Adv. No. 3:23-ap-04031-BDL |
| 10 | | Chapter 7 |
| 11 | | |
| 12 | BRENDA M. JOHNSON, | APPELLEE ALBERTSONS |
| 13 | Appellant, | COMPANIES, INC.'S<br>RESPONSIVE BRIEF |
| 14 | v. | |
| 15 | ALBERTSONS COMPANIES, INC.; | |
| 16 | AMAZON.COM SERVICES LLC; EQUIFAX INFORMATION SERVICES, | |
| 17 | LLC; PUYALLUP TRIBAL GAMING ENTERPRISES, INC., DBA EMERALD | |
| 18 | QUEEN CASINO & HOTEL; THE TRAVELERS INDEMNITY | |
| 19 | COMPANY; STATE OF WASHINGTON, | |
| 20 | Appellees. | |
| 21 | | |

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 1
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Appellee ALBERTSONS COMPANIES, INC., sued herein as "Albertsons companies" ("**Albertsons**"),[1] hereby submits its Responsive Brief regarding these appeals. Filed concurrently herewith is Albertsons' Supplemental Designation of Record.

Plaintiff and Appellant Brenda Johnson ("**Plaintiff**") filed three separate Notices of Appeal from decisions of the United States Bankruptcy Court for the Western District of Washington, Hon. Brian D. Lynch presiding (the "**Bankruptcy Court**"). In accordance with the Bankruptcy Appellate Panels' ("**Panel**") *Order re Filing Appeals, etc.* [B.A.P. Dkt. No. 9], Appellee Albertsons submits a single brief in response to all three appeals.

None of the multiple rulings identified in Plaintiff's various Notices of Appeal raises a single issue worthy of this Court's consideration. The Appeals should be dismissed and the Bankruptcy Court's Order Granting Defendants' Motions to Dismiss with Prejudice [B. Ct. Dkt. No. 164] affirmed.

**The Orders on Appeal.**

As Albertsons can best determine, given the confusing state of the record below and the conflicting provisions in Plaintiff's various pleadings, it appears Plaintiff's three

---

[1] Albertsons Companies, Inc. is the parent company of a number of subsidiaries, of which all but one have no connection whatsoever to Plaintiff. Plaintiff was briefly employed by Safeway Inc., a subsidiary of Albertsons Companies, Inc. Albertsons assumes Safeway, not Albertsons Companies, Inc., nor any other Albertsons related entity, was intended as the defendant. As explained herein, the result should be the same whichever Albertsons related entity was intended to be named as defendant(s) in the underlying case.

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 2
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

notices of appeal, and the orders purportedly covered by such notices of appeal, are as follows:

<u>BAP Appeal No. 23-1190</u>

• Order Denying State of WA's Mtn for Order Shortening Time and Limiting Notice on Motion to Dismiss, B.Ct. Dkt. No. 82 (the "**State Procedural Order**")

• Order Granting Defendants' Motion to Dismiss, B.Ct. Dkt. No. 96 (the "**First Dismissal Order**")

• Order to Show Cause why Plaintiff Should Not be Declared a Vexatious Litigant, B.Ct. Dkt. No. 99 (the "**Vexatious Litigant OSC**")

<u>BAP Appeal No. 23-1195</u>

• State Procedural Order

• Order Granting Puyallup Tribal Gaming Enterprises, Inc.'s Ex Parte Motion Shortening Time and Limiting Notice, B.Ct. Dkt. No. 136 ("**Puyallup Procedural Order**")

<u>BAP Appeal No. 23-1199</u>

• Bar Order Declaring Brenda M. Johnson a Vexatious Litigant and Imposing Pre-Filing Restrictions, B.Ct. Dkt. No. 163 ("**Vexatious Litigant Order**")

• Order Granting Defendants' Motions to Dismiss with Prejudice, B.Ct. Dkt. No. 164 ("**Final Dismissal Order**")

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 3
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Albertsons will focus primarily on the Final Dismissal Order, as that is the principal substantive order in issue, but will note its position respecting the other orders purportedly the subject of these appeals.

**Other than the Final Dismissal Order and the Vexatious Litigant Order, the Orders are All Interlocutory, Procedural, and/or Wholly Within the Discretion of the Bankruptcy Court.**

The State Procedural Order and the Puyallup Procedural Order are the kinds of interlocutory orders courts customarily enter in the ordinary course of controlling their docket. They clearly are not exceptions to the general bar on interlocutory appeals, 28 U.S.C. § 1292, and Plaintiff makes no showing, or even argument, that the Bankruptcy Court abused its discretion in entering those orders. Those Orders thus should be summarily affirmed.

The Vexatious Litigant OSC is an interlocutory order that merely established a process for hearing the merits of the vexatious litigant issues. Plaintiff responded and such a hearing was held, leading (appropriately, see below) to the Vexatious Litigant Order. Again, the Vexatious Litigant OSC is clearly interlocutory and thus not appealable.

The First Dismissal Order dismissed Plaintiff's original complaint without prejudice, granting Plaintiff leave to amend her complaint. Plaintiff took that opportunity to amend, and her amended complaint was the subject of the Final Dismissal Order. Accordingly, the First Dismissal Order was interlocutory and nonappealable. Like the

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 4
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

other interlocutory orders included in Plaintiff's laundry list, it was not appealable and is now subsumed in the appeal from the Final Dismissal Order. Only the Final Dismissal Order constitutes resolution of the case triggering Plaintiff's right to appellate review. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1984).

**The Complaint as Amended Does Not State a Claim Upon Which Relief May be Granted. The Final Dismissal Order is Thus Appropriate and Should be Affirmed.**

<u>Before</u> the First Dismissal Order was entered, Plaintiff had already filed several versions of her complaint and supplemented them with some forty-five other pleadings. B.Ct. Dkt. Nos. 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 25, 26, 27, 36, 37, 39, 40, 41, 42, 43, 45, 46, 49, 51, 52, 53, 54, 55, 62, 63, 64, 65, 69, 71, 72, 76, 80, 85, 86, 87, 88, 89, 91, 92, and 94.

<u>After</u> the First Dismissal Order, Plaintiff filed a document entitled Amended Complaint. B.Ct. Dkt. No. 98. It was then supplemented at least nineteen more times (B.Ct. Dkt. Nos. 105, 108, 109, 118, 119, 120, 126, 130, 132, 133, 134, 135, 137, 139, 140, 151, 152, 154, 156), some filed before various defendants filed motions to dismiss, some filed after those motions to dismiss. Those supplements are all in addition to Plaintiff's numerous other pleadings captioned as replies and more akin to oppositions to the motions to dismiss (B.Ct. Dkt. Nos. 117, 121, 143, 149, 150).

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 5
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Notwithstanding that confusing history, the parties below sometimes characterized the first post-First Dismissal Order complaint, B.Ct. Dkt. No. 98, as the "Second Amended Complaint." That terminology will be used in this brief.

With or without its numerous supplements, the Second Amended Complaint does not solve any of the deficiencies Judge Lynch identified in the original Complaint and First Amended Complaint, as described in and covered in the First Dismissal Order, as supplemented with his oral ruling from the bench. *Transcript of Proceedings*, November 8, 2023. The Second Amended Complaint is nothing but a confused compilation of alleged harms suffered by Plaintiff at the hands of various unspecified combinations of some or all of the fifty named defendants, covering such things as an automobile accident, police brutality, failure to pay government benefits, violation of a domestic restraining order, civil rights violations, and employment discrimination. It falls far short of stating a claim against Albertsons, and it is does not even attempt to assert any claims that are cognizable in the Bankruptcy Court, whether against Albertsons or any other defendant. The Second Amended Complaint was therefore properly dismissed with prejudice.

On pages 8-9 of the Second Amended Complaint, there are conclusory allegations of Albertsons "paying different wages from Men of similar," "taking child support payments out of her check," and failing "to pay wages and promised benefits." On page 14, there are conclusory allegations concerning her employer purportedly "breaking the

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 6
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

HIPPA privacy laws," failing to treat another employee's actions as a workers compensation claim, retaliating by cutting hours, and discriminating against Plaintiff because she is a black woman over fifty years of age. And on page 18 there are conclusory allegations of unlawful retaliation and a "pay differential $16 vs $24.60." Nothing in Plaintiff's numerous post-Second Amended Complaint submissions offers any additional support for such claims.

Such "[t]hreadbare recitals" with "mere conclusory statements" do not suffice for a plaintiff's discrimination claims to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Although pro se pleadings are construed liberally, even pro se pleadings must meet a minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (internal citations omitted).

But the Second Amended Complaint suffers from an even more serious and even more basic defect: there are absolutely no allegations that are cognizable in the Bankruptcy Court. There is nothing indicating that her claims have any relevance whatsoever to her bankruptcy proceeding, let alone the discharge plaintiff received in her bankruptcy case in 2015. The only substantive claim Plaintiff could conceivably now make in an adversary

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 7
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

proceeding in her long closed bankruptcy case is a violation of the discharge injunction under Section 727, or unlawful discrimination based on her discharge under Section 525. No matter how charitably one may read Plaintiff's thousands of pages of submissions to the Bankruptcy Court, there is nothing whatsoever that ties any of the alleged conduct to Plaintiff's discharge, as would be necessary for any claim that could be brought in the Bankruptcy Court. There is simply nothing there that could possibly support such a claim.

"[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not reach the issue of plausibility – there is not even the whiff of a cognizable claim for relief against Albertsons. Accordingly, the Second Amended Complaint does not state a claim upon which relief may be granted.

Judge Lynch was clearly correct in dismissing the Second Amended Complaint with prejudice. The judgment below should be affirmed in all respects.

**The Vexatious Litigant Order Is Unquestionably Well-Founded and Appropriate.**

The Panel will of course review the record before the Bankruptcy Court. Albertsons is confident that even a cursory review of that record will demonstrate the Bankruptcy Court was well justified in recognizing Plaintiff as a vexatious litigation and in entering the Vexatious Litigant Order. *In re Koshkalda*, 622 B.R. 749 (9th Cir. B.A.P. 2020);

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 8
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Ringgold-Lockhart v. County of L.A.*, 761 F.3d 1057 (9th Cir. 2014). Judge Lynch was very much aware of *Koshkalda*, having cited it in his ruling in this case, and was presumably just as aware of *Ringgold*, as *Ringgold* was the basis for the *Koshkalda* ruling. Judge Lynch carefully limited the scope of his order to conform to the guidance of the B.A.P. in *Koshkalda* and the guidance of the Ninth Circuit in *Ringgold*. The Vexatious Litigant Order should be affirmed.

**Conclusion.**

This was a difficult case to manage in the Bankruptcy Court because of Plaintiff's decision to file one complaint against fifty unrelated defendants and over 75 additional pleadings purporting to supplement the complaint. But it is not a difficult case on appeal. Judge Lynch reached the right result and dismissed the complaint with prejudice. The Final Dismissal Order and the Vexatious Litigant Order should be affirmed.

DATED this 10th day of April, 2024

**PERKINS COIE LLP**

By: */s/ Alan D. Smith*
Alan D. Smith, WSBA No. 24964
ADSmith@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 9
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing document with the Clerk of Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system. All parties who are registered for electronic notice will receive electronic notice through the CM/ECF system.

In addition, on April 10, 2024, a copy of the document was served upon the parties listed below.

| Party | Method of Service |
|---|---|
| Brenda M. Johnson<br>425 South Tacoma Way<br>Tacoma, WA 98406 | ☒ via first class U.S. Mail, postage prepaid |
| Brenda M. Johnson<br>8118 44th Street West<br>University Place, WA 98402 | |
| brendajtacoma@aol.com and<br>godisgreatbmj@gmail.com | ☒ via electronic mail to the address noted herein |

/s/ *Kimberly McClure*
Kimberly McClure

APPELLEE ALBERTSONS RESPONSIVE BRIEF - 10
BAP NOS. WW-23-1190; WW-23-1195; WW-23-1199

067921.0075\165881338.1

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000