NO. WW-23-1190, WW-23-1195, WW-23-1199

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE NINTH CIRCUIT**

---

In re: BRENDA M. JOHNSON,

Debtor,

----------------------------------------------------

BRENDA M. JOHNSON,

Appellant,

v.

ALBERTSONS COMPANIES, INC.; AMAZON.COM SERVICES, LLC;
EQUIFAX INFORMATION SERVICES, LLC; PUYALLUP TRIBAL
GAMING ENTRPRISES, INC., dba Emerald Queen Casino & Hotel; THE
TRAVELERS INDEMNITY COMPANY; STATE OF WASHINGTON,

Appellees.

---

ON APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

Adversary Proceeding No. 23-04031
The Honorable Brian D. Lynch
United States Bankruptcy Court Judge

---

**APPELLEE STATE OF WASHINGTON'S RESPONSIVE BRIEF**

---

ROBERT W. FERGUSON
Attorney General
800 5th Avenue, Suite 2000
Seattle, WA 98104

Dina L. Yunker, WSBA #16889
Assistant Attorney General
(206) 389-2198
*dina.yunker@atg.wa.gov*

*Attorneys for State of Washington*

## TABLE OF CONTENTS

I.  ISSUES PRESENTED ........................................................................1

      1. Whether Appellant's case was properly dismissed with prejudice because Appellant failed to state a claim upon which the bankrutpcy court could grant relief when she continually failed to state any specific allegations against the numerous defendants that substantiated they violated the discharge injunction. .............................................................1

      2. Whether Appellant failed to show cause why she should not be deemed a vexatious litigant when she filed repetitive, baseless complaints that were not brought in good faith and which placed an unecessary burden on the defendants and the court clerk's office. .......................................................1

II.  INTRODUCTION ...........................................................................1

III.  STATEMENT OF THE CASE ........................................................2

   A. Johnson's voluminous baseless pleadings warranted dismissal of this case and a finding she was a vexatious litigant. ..................2

   1. Events leading to the First Dismissal Order. ........................2

   2. Events leading to Second Order of Dismissal with Prejudice and the Vexatious Litigant Finding. ............................................5

   B.  Appellate posture of the case. ................................................11

IV.  SUMMARY OF THE ARGUMENT ..............................................12

V.  ARGUMENT..................................................................................13

   A. Standards of Review...................................................................13

   B. Johnson's Complaint Was Property Dismissed..........................13

1.  Motions to Dismiss for Failure to State a Claim must be brought before filing a responsive pleading. ......................... 14

2.  Mere conclusory allegations of law cannot defeat a motion to dismiss for failure to state a claim ....................................... 15

3.  Johnson failed to allege facts demonstrating that any of the named defendants acted in violation of the discharge injunctions ................................................................................. 17

C.  The Court Did Not Abuse Its Discretion When Determining Johnson Was A Vexatious Litigant and Properly Imposed Pre-Filing Restrictions ....................................................................... 20

VI.  CONCLUSION .................................................................................... 24

Certificate of Compliance ............................................................................ 25

# TABLE OF AUTHORITIES

## Cases

*In re JSJF Corp.*, 344 B.R. 94 (9th Cir. BAP 2006); *aff'd*, 277 Fed. Appx. 718, WL 2019590 (2008) ................................................................. 13

*Koshkalda v. Schoenmann (In re Koshkalda),* 622 B.R. 749 (9th Cir. BAP 2020) .................................................................... 13, 20, 21, 23, 24

*Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057 (9th Cir. 2014) .......... 13, 20

*United States v. Hinkson,* 585 F. 3d 1247 (9th Cir. 2009) ................................ 13

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) ................................................ 15

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1990) .................. 15

*Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996) .................................... 15

*Pareto v. FDIC,* 139 F.3d 696 (9th Cir. 1998) .................................................. 15

*Brazil v. U.S. Dep't of Navy*, 66 F.3d 193 (9th Cir. 1995) ........................... 15,16

*In re Foster* 319 F3d 495 (9th Cir. 2003) .......................................................... 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................. 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 17

## Statutes

11 U.S.C. § 727(b) ............................................................................................. 19

11 U.S.C. § 523(a)(5) ......................................................................................... 19

11 U.S.C. §524 .................................................................................................... 17

28 U.S.C. 157 (b)(2) ........................................................................................... 10

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6).................................................................. 12, 14, 15

Fed. R. Bankr. P. 7012 ...................................................................... 14

Local Rule W.D. Wash. Bankr. 9013-1(d)(2)(F).............................................. 21

## I.    ISSUES PRESENTED

1.  Whether Appellant's case was properly dismissed with prejudice because Appellant failed to state a claim upon which the bankruptcy court could grant relief when she continually failed to state any specific allegations against the numerous defendants that substantiated they violated the discharge injunction.

2.  Whether Appellant failed to show cause why she should not be deemed a vexatious litigant when she filed repetitive, baseless complaints that were not brought in good faith and which placed an unnecessary burden on the defendants and the court clerk's office.

## II.    INTRODUCTION

This appeal by pro se litigant Brenda Johnson consists of three separate Notices of Appeal from decisions of the United States Bankruptcy Court for the Western District of Washington, Hon. Brian Lynch presiding (the "Court") in Adversary Proceeding No. 23-04031. Pursuant to the Bankruptcy Appellate Panels' (BAP) Order re Filing Appeals Papers Via CM/ECF; Transcript Issue, and Briefing of Appeal, (Dkt. No. 9)[1] and the BAP's Order Re Appellees'

---

[1] "Dkt No." refers to the docket number of the pleading on file in B.A.P. Case No. 23-1190.

Motions for Extension of Time (Dkt No. 17), the State of Washington submits a single brief in response to the three appeals.

The Court entered multiple rulings in the Adversary Proceeding culminating in the Order Granting Defendants' Motions to Dismiss with Prejudice, SER[2] 20 ("Final Dismissal Order") and the Bar Order Declaring Brenda Marie Johnson a Vexatious Litigant and Imposing Pre-Filling Restrictions SER 19 ("Vexatious Litigant Order"). The Court entered these orders because Johnson failed to establish any specific allegations that the numerous defendants violated the discharge injunction and Johnson's voluminous baseless filings made her a vexatious litigant. Each of the rulings identified in Plaintiff's various Notices of Appeal were well grounded in fact and law and the bankruptcy Court committed no error in entering any of them. The BAP should affirm the Bankruptcy Court's orders.

### III.    STATEMENT OF THE CASE

**A. Johnson's voluminous baseless pleadings warranted dismissal of this case and a finding she was a vexatious litigant.**

**1. Events leading to the First Dismissal Order.**

---

[2] SER refers to Supplemental Excerpts of Record, specifically to the documents submitted in the State's Supplemental Excerpts of Record, indexed in the form of SER: X:YY with the first number being the Appendix number of the item and the second number, where applicable, being the page number.

On September 1, 2023, Johnson filed the first version of her complaint[3] in which she named approximately 14 defendants.[4] She seemed to claim, among other statements, a violation of the discharge injunction and she demanded $199,100,600,000. SER 1. On September 7, 2023, Ms. Johnson filed an amended complaint adding defendants but, other than inserting a page that quotes from the Revised Code of Washington, no new allegations. SER 2. On September 11, 2023, Ms. Johnson filed a second amended complaint, again adding defendants, including the State of Washington (the "State")[5]. Other than inserting what appears to be a quote from a legal treatise about Rule 9020, Johnson again made no new allegations. SER 3. On October 12, 2023, Johnson filed a Request for Entry of Default and judgment against what appears to be all of the defendants named in her most recently amended complaint and sought $198,311,431,000.00 in damages. SER 5.

---

[3] Johnson titled her first filing "Motion Contempt of Court Injunction 11 U.S.C 564." SER 1. There is no section 564 in Title 11 of the U.S. Code. The Court treated it as a complaint and issued a summons. See SER 10, 12, and 20.

[4] In that document, she named three parties that could conceivably be considered agencies of the State of Washington.

[5] On October 4, 2023, the State entered its Notice of Appearance on behalf of itself and each of its agencies named as defendants. ECF No. 17. ("ECF No." refers to the docket number of the pleading on file in Adversary Proceeding 23-04031. While documents designated with "ECF No." can provide context, they are not critical to the outcome of the appeals and therefore are not included in the State's Supplemental Excerpts of Record.)

On November 1, 2023, the State filed a Joinder; Motion to Dismiss; and Response to Plaintiff's Motion for Contempt of Court and Request for Entry of Default ("State's Dismissal Motion"). SER 6. The State noted the hearing for November 8, 2023, with a proposed order to shorten time to join the hearing date and time previously set for motions to dismiss and joinders brought by four other defendants. *Id*. Unlike the other defendants, the State requested the entire case be dismissed against all defendants. *Id*. Because the State's Dismissal Motion and motion to shorten time were initially filed in incorrect sequence, the State refiled those documents, in correct sequence, on November 3, 2023. SER 8.

On November 3, 2023, the Court denied the State's motion to shorten time finding, "Because of the breadth of the relief sought in the underlying motion and the limited notice to the Plaintiff, the Court will deny the motion to shorten time but will consider at the hearing on November 8th of the other motions, a time for hearing the State of Washington's motion." SER 9. On November 8, 2023, the Bankruptcy Court heard argument on the dismissal motions filed by defendants Albertsons Companies (Albertsons), Amazon.com Services LLC (Amazon.com), Equifax Information Services, LLC (Equifax) and Puyallup Tribal Gaming Enterprises, Inc. d/b/a/ Emerald Queen Casino and Hotel

(Emerald Queen Casino).[6] The Court granted dismissal without prejudice and allowed Johnson to amend her complaint to state facts sufficient to support her claims against each defendant. SER 10. The Judge permitted Ms. Johnson until December 4, 2023 to file an amended complaint. *Id*. Also during the November 8, 2023 hearing, the Court set the State's Dismissal Motion for hearing on December 13, 2023 and informed Johnson that it may also enter an order for her to show cause why she should not be declared a vexatious litigant. SER 21:284, 286, and 287.

### 2. Events leading to Second Order of Dismissal with Prejudice and the Vexatious Litigant Finding.

On November 11, 2023, Johnson filed another amended complaint. SER 11. This was her fourth attempt at drafting an actionable complaint. Johnson again added defendants but – again – failed to state facts supporting her allegations that defendants violated the bankruptcy discharge orders entered in her 2003 and 2015 bankruptcy cases. On November 16, 2023, the Court entered an Order to Show Cause as to Why Brenda Marie Johnson Should Not be Declared a Vexatious Litigant ("Show Cause Order"). SER 12. The Court set the

---

[6] ECF Nos. 23, 30, 25, 59.

hearing on the Show Cause Order on December 13, 2023. SER 12:206. The Show Cause Order stated Johnson's pleading commencing the adversary action had failed to "provide any factual detail or state a plausible claim." SER 12:203. Additionally, the Court found that plaintiff had filed a "flurry" of additional documents and exhibits from numerous previously litigated or appealed cases. *Id*.

In the Show Cause Order, the Court listed nine federal court cases instituted by Johnson against several of the same defendants she named in this Adversary Proceeding. Specifically, she filed multiple lawsuits against Catholic Community Services. See U.S. District Court for the Western District of Washington Case Nos. 16-05727 and 19-05316; Ninth Circuit Court of Appeals Case Nos. 20-35473 and 23-35233; and U.S. Supreme Court Case No. 23-5493. The Court observed she has also filed multiple cases against the United States. See U.S. District Court for the Western District of Washington Cases No. 20-06031 and 20-06180. She filed a case against Pierce County in U.S. District Court for the Western District of Washington, Case No. 21-05841, and even filed a lawsuit against the U.S. District Court for the Western District of Washington itself. See Ninth Circuit Court of Appeals Case No. 23-70149. Johnson recently sought to reopen one of these cases to seek contempt against the very defendants

she named in the Adversary Proceeding despite the fact that, in 2020, the District Court had dismissed the case with prejudice. SER 12:203-204.

The Court concluded a review of these cases showed that plaintiff was "attempting to relitigate past grievances related to certain acts of the defendants". SER 12:205. The Court noted that Johnson's grievances "seem to include (i) incidents relating to the Plaintiff's attempts at obtaining housing, including past stays at a homeless shelter; (ii) child custody and/or domestic support disputes; (iii) personal injury claims; (iv) Social Security disputes; (v) defamation of character; and (vi) employment disputes, including workplace discrimination." *Id*.

The Show Cause Order states Johnson's current pleadings do not "lay out facts supporting a claim for violation of the discharge injunction or other orders of the bankruptcy court". *Id.* The Court narrowly tailored the proposed Show Cause Order to ensure it would review the pleadings filed by Johnson but would not screen Johnson's future filings on their merits and only barred filings by Johnson "that make the same claims as those in any case which has been dismissed by this bankruptcy court." *Id.*  The Order stated that if Johnson filed a pleading constituting a new claim, "the Court will direct the Clerk to open a new case." SER 12:206.

On November 17, 2023, Johnson filed several documents. First, Johnson filed an objection to the Show Cause Order alleging ethical misconduct by Judge Lynch and accusing the judge of obstructing justice, breaking laws, and assisting in a crime. (ECF No. 100, p.1). [7] Johnson filed a Jury Demand at ECF No. 101 and, at ECF No. 102, a Notice of Appeal to the Bankruptcy Appellate Panel (BAP). SER 13. In her Notice of Appeal, she appealed the order that denied the State's motion to shorten time SER 9,[8] the Order Granting Defendants' Motions to Dismiss without Prejudice SER 10, and the Show Cause Order. SER 12.

Also on November 17, 2023, Johnson filed two more amended complaints, representing her fifth and sixth efforts to state a claim upon which relief could be granted. SER 14, 15. One purports to add another defendant and appears to concern a denial of employment after Johnson served as a volunteer.  SER 14. The other added yet more defendants, bringing the total to approximately 50, and reproduced the material she had in the complaint that she filed on November 11th. SER 15. Neither of these two amendments were made with the Court's

---

[7] "ECF No." refers to the docket number of the pleading on file in Adversary Proceeding 23-04031. While documents designated with "ECF No." can provide context, they are not critical to the outcome of the appeals and therefore are not included in the State's Supplemental Excerpts of Record.

[8] The State does not take issue with the Court's denial of its motion to shorten time SER 9.

permission. Defendants Albertsons, Amazon.com, Emerald Queen Casino, and Equifax then filed motions to dismiss Johnson's amended complaints. See ECF Nos. 113, 115, 128, and 138.

On December 5, 2023, Johnson filed a second Notice of Appeal. SER 17 In it, Johnson appealed the Court's December 4, 2023 order granting defendant Emerald Queen's motion to shorten time (see SER 16) and – once again – denial of the State's motion to shorten time. (See SER 9).

At the hearing on December 13, 2023, the Court granted all five of the dismissal motions, with prejudice. SER 22:305-6. The Court then heard lengthy oral argument from Johnson on the Show Cause Order. SER 22:306-14. After hearing oral argument, the Court found Johnson to be a vexatious litigant and explained that it would prepare an order imposing filing restrictions. In the oral ruling, the Court referenced Johnson's nine closed cases and her attempt to relitigate similar issues in Western Washington District Court, Cause no. 19-05316, which was previously dismissed with prejudice. SER 22:314. The Court stated:

> The allegations in the current case and the numerous pleadings demonstrate that Ms. Johnson is seeking courts, other courts, including this Court, to relitigate claims in this Court, claims which this Court does not even have jurisdiction to address. The claims are repetitive. They are not brought in good faith. She does not have counsel. The defendants have

been faced with an unnecessary burden, as has the Court's clerk office.

The documents filed have to do with proceedings in a variety of tribunals, including the NLRB, the Social Security Administration, and various local nonprofit and governmental agencies, and individuals working for those agencies. It constitutes improper harassment.

SER 22:316.

The Court noted it had jurisdiction under 28 U.S.C. 157 (b)(2) and that Johnson's objection to the Show Cause Order primarily alleged misconduct by the Court but did not address the determination that Johnson was a vexatious litigant. SER 22:314-15. The Court's oral ruling also stated the Bar Order would not prevent Johnson from appealing but will "prevent her from filing pleadings in this Court, making the same claim, or suing the same parties that have been dismissed in this action." SER 22:316. That same day, Johnson filed her third Notice of Appeal, presumably challenging the rulings granting dismissal and declaring her a vexatious litigant. SER 18.

On December 15, 2023 the Court entered the Final Dismissal Order. SER 20. The Court found that "the Amended complaint still lacks specific allegations for what the numerous defendants did that violated the discharge injunction or any other facts cognizable and redressable by the Court. SER 20:270.

Also on December 15, 2023, the Court entered the Vexatious Litigant Order. SER 19. The Vexatious Litigant Order contained the same language as the Show Cause Order and incorporated the December 13, 2023 oral ruling of the Court. SER 19:267.

### B. Appellate posture of the case.

Johnson filed three separate Notices of Appeal from the Court's decisions in the adversary action. The three notices of appeal, and the orders purportedly covered by such notices of appeal, are as follows:

<u>BAP Appeal No. 23-1190</u>

- Order Denying State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss. SER 9.

- Order Granting Defendants' Motion to Dismiss. SER 10.

- Order to Show Cause as to Why Brenda Marie Johnson Should Not be Declared a Vexatious Litigant. SER 12.

<u>BAP Appeal No. 23-1195</u>

- Order Denying State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss. SER 9.

- Order Granting Puyallup Tribal Gaming Enterprises, Inc. d/b/a/ Emerald Queen Casino & Hotel's *Ex Parte* Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss Amended Complaint. SER 16.

BAP Appeal No. 23-1199

- Bar Order Declaring Brenda Marie Johnson a Vexatious Litigant and Imposing Pre-Filing Restrictions (Vexatious Litigant Order). SER 19.

- Order Granting Defendants' Motions to Dismiss with Prejudice (Final Dismissal Order). SER 20.

Because they are the two bankruptcy Court orders that affect whether Johnson can proceed with her three appeals before this Panel, the State's argument focuses on the Final Dismissal Order, SER 20, and the Vexatious Litigant Order, SER 19.

## IV.    SUMMARY OF THE ARGUMENT

The BAP should affirm the Bankruptcy Court's orders of December 15, 2023, which are the Final Dismissal Order and Vexatious Litigant Order. The Final Dismissal Order should be affirmed because Johnson failed to set out any specific facts describing acts committed by the defendants and therefore could not articulate a claim for which judicial relief could be granted. Therefore, dismissal was appropriate under Fed. R. Civ. P. 12(b)(6). Additionally, the Vexatious Litigant Order should be affirmed because Johnson's actions warrant

a finding she is a vexatious litigant and the Order complied with the requirements of Ninth Circuit law.

## V. ARGUMENT

### A. Standards of Review

The BAP reviews "the bankruptcy court's conclusions of law and its interpretation of the Bankruptcy Code and Rules de novo, with no deference given to its conclusions." *In re JSJF Corp*., 344 B.R. 94, 99 (9th Cir. BAP 2006); *aff'd*, 277 Fed. Appx. 718, WL 2019590 (2008). Therefore, this is the standard of review concerning the Final Dismissal Order.

The BAP reviews pre-filing orders entered against vexatious litigants for abuse of discretion. *Koshkalda v. Schoenmann* (*In re Koshkalda),* 622 B.R. 749, 757 (9th Cir. BAP 2020) citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014). Abuse of discretion occurs if the court applies an incorrect legal rule or factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F. 3d 1247, 1262-63 & n. 9. (9th Cir. 2009).

### B. Johnson's complaint was properly dismissed.

The Court properly dismissed Johnson's complaint because defendants appropriately filed their dismissal motions prior to filing a responsive pleading

and because none of Johnson's purported complaints set forth sufficient facts to support a cognizable legal theory.

### 1. Motions to Dismiss for Failure to State a Claim must be brought before filing a responsive pleading.

Albertsons, Amazon.com, Emerald Queen Casino, and Equifax all sought dismissal from the lawsuit as to themselves. The State's motion sought dismissal of Johnson's complaint in its entirety. SER 8. All of the dismissal motions were brought under Fed. R. Civ. P. (FRCP) 12(b)(6), made applicable by Fed. R. Bankr. P. 7012. Under FRCP 12(b), a motion asserting failure to state a claim upon which relief can be granted must be made before filing a responsive pleading. It appears Johnson is upset that in the absence of filed answers to her complaint(s), default judgments were not entered. Such a grievance does not amount to stating a claim upon which relief can be granted because FRCP 12(b) requires that motions to dismiss based on the failure to state a claim must be filed prior to answering the complaint. Therefore, moving for dismissal prior to attempting an answer to one or more of Johnson's complaints was appropriate. The Court properly heard the State's Dismissal

Motion, as well as the other dismissal motions that are the subject of these appeals.

### 2. Mere conclusory allegations of law cannot defeat a motion to dismiss for failure to state a claim.

FRCP 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under FRCP 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under FRCP 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998). "Although *pro se* pleadings are construed liberally, even pro se pleadings must meet a minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d

193,199 (9th Cir. 1995) (internal citations omitted). When a pro se litigant fails to meet that threshold, the appropriate remedy is dismissal. *Id*.

The amended complaints Johnson filed at ECF Nos. 98 and 108 include some case citations and excerpts of some compendium descriptions of the Equal Opportunity Act, the Fair Credit Billing Act, the Fair Credit Reporting Act, and the Fair Housing Act. SER 11, 15. Although she included some narrative about specific disputes she had with certain of the defendants, Johnson has only concluded that the defendants have violated laws, but she has not described *how* they violated the laws. See SER 11, 15. She has merely accused, without providing specifics to support her accusations. Moreover, the majority of her accusations point to a demand for her own compensation, rather the defendants' desire to obtain compensation for themselves. But in order to demonstrate a violation of the discharge orders, Johnson has to show that the defendants were seeking compensation for pre-petition debts she owed to them; not the converse.

The amended complaint Johnson filed at ECF No. 105 contains far less information, purporting only to add an additional defendant. See SER 14.

Because her conclusory allegations of law are not sufficient to support a cognizable legal theory, the Court properly dismissed Johnson's complaints.

### 3. Johnson failed to allege facts demonstrating that any of the named defendants acted in violation of the discharge injunctions.

None of Johnson's complaints set forth sufficient facts to support a cognizable legal theory. Per 11 U.S.C. § 524, the discharge injunction voids any prepetition judgments that were discharged in the bankruptcy and operates as an injunction against the commencement or continuation of an action to collect, recover, or offset any discharged debt. "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, Johnson's task was to allege facts that support an allegation that any of the named defendants acted in violation of the discharge injunctions of her 2003 and 2015 Chapter 7 bankruptcy cases.

Between Judge Lynch's November 8, 2023 oral ruling granting her leave to file an amended complaint and the December 13, 2023 hearing on the dismissal motions and Show Cause Order, Johnson filed upwards of 30 documents, of which those that conceivably relate to the dismissal motions exceed 300 pages. See ECF Nos. 98, 105, 108, 109, 111, 112, 117-121, 123,

124, 126, 130, 132–135, 137, 139, 140, 143, 149–152, and 159. Three of those documents were designated as amended complaints SER 11, 14, 15.[9]

While it appears that Johnson is upset with as many as 60 parties she has named as defendants, nowhere in her hundreds of pages of material has she articulated specific facts describing any acts that any of the defendants did that amount to pursuing her for pre-petition debts in violation of the discharge injunctions. Giving her the benefit of the doubt, the best one can say is that she has concluded that whatever the defendants did to aggrieve her was a violation of a duty she believes they owed her. She has not, however, told us what the particular acts were that resulted in the purported violation.

As to the State, at best, the various complaints suggest Johnson's indignation over a wage deduction for her liability under a valid child support order issued in 2003. The State has found in Johnson's voluminous filings one such order, submitted at ECF No. 20, Part 2. See SER 4:82-88. Included in Johnson's submission at ECF No. 53 is a September 25, 2003 decision letter from Judge Pro Tem Brian McCoy that references offsetting Johnson's former

---

[9] The State notes that, despite the contents of ECF No. 105, Johnson subsequently sought, in ECF No. 109, to recharacterize ECF No. 105 as a "Statement, not a complaint."

spouse's delinquent support amounts by the sum Johnson owes him. ECF No. 53, p. 4. Pursuant to 11 U.S.C. §§ 727(b) and 523(a)(5), child support obligations cannot be discharged in bankruptcy. See also *In re Foster*, 319 F.3d 495, 497 (9th Cir. 2003). If Johnson herself owed child support, it was not discharged, so any grievance she has about attempts to collect child support from her do not violate the discharge order. And failure to collect child support from her ex-husband is not a violation of the discharge order. Even after amending her complaint numerous times, Johnson's various statements, including those concerning the issue of child support, do not establish a claim for which a bankruptcy court can order relief.

In granting the motions to dismiss, the Court found that even after repeatedly amending her complaint, Johnson never established any specific allegations of what any defendant did that violated the discharge injunction. The Court also found that none of the complaints filed by Johnson allege any facts that are cognizable and redressable by the Court. The law discussed above as applied to the facts show that none of Johnson's complaints set forth sufficient facts to support a "cognizable legal theory." Therefore, dismissal of all versions of the complaints filed by Johnson was appropriate. The BAP should affirm the Court's Final Dismissal Order.

### C. The Court did not Abuse its Discretion when determining Johnson was a Vexatious Litigant and it properly imposed pre-filing restrictions.

The Court did not abuse its discretion when it issued the Vexatious Litigant Order because Johnson had ample notice to oppose the order and the Court compiled an adequate record for appellate review, made substantive findings of harassment, and tailored the order to closely fit the specific vice.

Bankruptcy courts have inherent authority to sanction vexatious litigation and impose pre-filing restrictions. *Koshkalda v. Schoenmann* (*In re Koshkalda),* 622 B.R. 749, 757-8 (9th Cir. BAP).

To impose these pre-filing restrictions, the following requirements must be met:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Id.* at 758 citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014). In *Koshkalda*, the BAP found the first three requirements were met. First, Koshkalda was given adequate notice of the hearing. *Koshkalda* 622 BR 749, 759. Second, the motion listed the pleadings that were the basis for the order

so there was an adequate record. *Koshkalda* 622 BR 749, 758-9. Third, the BAP found the Bankruptcy Court made substantive findings to support the entry of a pre-filing order by determining Koshkalda made inordinate frivolous filings, initiated disputes within the case and argued unreasonable and baseless positions causing needless expense to the parties. *Id.* at 761-8.

However, the BAP in *Koshkalda* determined that the fourth element, that of tailoring the order narrowly, was not met. Specifically, the BAP found that despite being warranted, the pre-filing order was overly broad because the court should not have also entered the order in the related completed adversary proceeding. *Id.* at 769. Additionally, both orders were overly broad because they allowed the court to conduct a merits review of future filings by Koshkalda. *Id.* at 769.

The Vexatious Litigant Order entered here was appropriate based upon Johnson's actions and meets the requirements set by the BAP in *Koshkalda*. First, Johnson received adequate notice of the Show Cause Order. A minimum of 21 days' notice is required for motions under Local Rule W.D. Wash. Bankr. 9013-1(d)(2)(F) . The State's Dismissal Motion was filed on November 3, 2023 (SER 8) and, at the hearing on November 8, 2023, the Court set hearing on the State's Dismissal Motion for December 13, 2023. Thus, denial of the State's

motion to shorten time (SER 9) afforded Johnson 35 days in which to prepare for the hearing, significantly more time than required by the rules. Denial of the State's motion to shorten time worked to Johnson's advantage and by setting the hearing so far out, the Court committed no error.

Second, in the Show Cause Order, the Court carefully listed the previously filed cases in which Johnson articulated the same grievances against the same defendants as she has done in the adversary case below. SER 12.

Third, in the Show Cause Order, and at the December 13, 2023 hearing, the Court made extensive findings concerning Johnson's actions that support imposition of the pre-filing restrictions set forth in the Vexatious Litigant Order. Finding that Johnson's acts constitute improper harassment, the Court pointed out that none of the defendants she named were creditors whose claims could have been discharged by her prior bankruptcies; that her pleadings simply repeat allegations previously made in a variety of different tribunals; that at least one of the previous cases was dismissed with prejudice three years prior; and that even a dismissal with prejudice has not stopped her. SER 22:315-16.

Finally, the Court carefully tailored the Vexatious Litigant Order so that it will not evaluate pleadings filed by Johnson on the merits, which was the issue

with the order in *Koshkalda*. Instead, the Court restricted its review to *pro se* pleadings that include any of the defendants listed in the adversary proceeding and that relate to the same claims or issues already litigated. SER 19. The Court limited the filing restriction to (a) any case which has been dismissed with prejudice in the U.S. Bankruptcy Court for the Western District of Washington, except for any effort to move for reconsideration or appeal, or to seek review of any decision rendered in the adversary proceeding; and (b) in a new case in the U.S. Bankruptcy Court for the Western District of Washington. SER 19:267-68. The Court also restricted its own actions to those of refusing to docket any such pleading and considering sanctions for such filings. SER 19:267-68. And significantly, the Court specified that should Johnson file a *pro se* complaint that makes new claims that have not previously been dismissed, it will direct the Clerk to open a new case; that the Clerk will not issue a summons in any *pro se* action without prior Court approval; and that Johnson may petition the Court to lift the order, setting forth the reasons why such action is appropriate. SER 19:268. Thus, the pre-filing restrictions only restrict Johnson from litigating the same issues against the same defendants, and restrict the Court to only refuse to docket those such pleadings in a case that comes before it (including the one it just dismissed). Here, the Vexatious Litigant Order does not suffer the same

errors found in the *Koshkalda* case. The Court did not abuse its discretion and the BAP should affirm the Court's Vexatious Litigant Order.

## VI.    CONCLUSION

For the foregoing reasons, this panel should affirm the Bankruptcy Court's orders of December 15, 2023, which are the Order Granting Defendants' Motions to Dismiss with Prejudice and the Bar Order Declaring Brenda M. Johnson a Vexatious Litigant and Imposing Pre-Filing Restrictions.

RESPECTFULLY SUBMITTED this 10th day of April 2024.

ROBERT W. FERGUSON
Attorney General


*/s/ Dina L. Yunker*
Dina L. Yunker, WSBA #16889
Assistant Attorney General
(206) 389-2198
800 Fifth Avenue, Suite 200
Seattle, WA 98104

*Attorneys for Appellee State of Washington*

**Certificate of Compliance for Briefs**

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellee State of Washington's Responsive Brief complies with the type-volume limitation of no more than 13,000 words (excluding the cover page, tables, signature blocks, required certificates and appendix) as counted by the computer program used to prepare the Appellee's Responsive Brief.

DATED this 10th day of April 2024.

*/s/ Dina L. Yunker*
Dina L. Yunker, WSBA #16889
Washington State Attorney General's Office
800 Fifth Avenue, #2000
Seattle, WA 98104
(206) 389-2198
Attorney for Appellee State of Washington

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the *Appellee State of Washington's Responsive Brief* and the *Appellee State of Washington's Supplemental Excerpts of Record* through the CM/ECF system maintained by the United States Ninth Circuit Bankruptcy Appellate Panel and by so doing, effectuated electronic service on the those persons who have appeared and registered for electronic service in the above-captioned case.

In addition, on the 10th day of April, 2024 copies of the *Appellee State of Washington's Responsive Brief* and the *Appellee State of Washington's Supplemental Excerpts of Record* were served upon the parties listed below via the following methods:

| Party | Method of Service |
|---|---|
| Brenda M. Johnson<br>425 S. Tacoma Way<br>Tacoma, WA 98402<br><br>Brenda M. Johnson<br>8118 44th Street West<br>University Place, WA 98402<br><br>brendajtacoma@aol.com<br><br>godisgreatbmj@gmail.com<br><br>queenbmhrisefoumdation@myyahoo.com | ☒via first class U.S. Mail, postage prepaid<br><br><br><br><br><br>☒via electronic mail to the addresses noted herein |

| Party | Method of Service |
|---|---|
| Alan D. Smith<br>Perkins Coie, LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br><br>ADSmith@perkinscoie.com | ☒via electronic mail to the address noted herein |
| Ruby A. Nagamine<br>K&L Gates, LLP<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br><br>Ruby.Nagamine@klgates.com | ☒via electronic mail to the address noted herein |
| Jane Pearson<br>Polsinelli, PC<br>1000 Second Avenue, Suite 3500<br>Seattle, WA 98104<br><br>jane.pearson@polsinelli.com | ☒via electronic mail to the address noted herein |
| Tara J. Schleicher<br>Foster Garvey, P.C.<br>121 SW Morrison, 11th Floor<br>Portland, OR 97204<br><br>Tara.Schleicher@foster.com | ☒via electronic mail to the address noted herein |

| Party | Method of Service |
|---|---|
| Brian T. Peterson<br>K&L Gates, LLP<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br><br>Brian.Peterson@klgates.com | ☒via first class U.S. Mail, postage prepaid<br><br>☒via electronic mail to the address noted herein |
| Thomas B. Nedderman<br>Floyd, Pflueger & Ringer, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA  98121<br><br>tnedderman@floyd-ringer.com | ☒via first class U.S. Mail, postage prepaid<br><br>☒via electronic mail to the address noted herein |

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic service, or have consented in writing to electronic service, or have designated mailing addresses in the above-noted matter, and that service will be accomplished through the CM/ECF system and by U.S. mail.

EXECUTED this 10th day of April 2022.

/s/ Matthew Moyles
MATTHEW MOYLES,
Legal Assistant to Dina L. Yunker