# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re<br><br>BRENDA M. JOHNSON,<br><br>                            Debtor. | BAP Nos.<br>WW-23-1190;<br>WW-23-1195;<br>WW-23-1199<br><br>Bankr. No. 3:15-bk-41795-BDL<br>Adv. No. 3:23-ap-04031-BDL<br><br>Chapter 7<br><br>EQUIFAX INFORMATION SERVICES, LLC'S[1] APPELLEE'S BRIEF |
| BRENDA M. JOHNSON,<br><br>                           Appellant,<br>      v.<br><br>ALBERTSONS COMPANIES, INC.; AMAZON.COM SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; PUYALLUP TRIBAL GAMING ENTERPRISES, INC., dba Emerald Queen Casino & Hotel; THE TRAVELERS INDEMNITY COMPANY; STATE OF WASHINGTON,<br><br>                          Appellees. | |

---

[1] Appellant named "Equifax" as a defendant in the proceeding below, but the proper corporate entity is Equifax Information Services, LLC.

94470406.1

## CORPORATE DISCLOSURE

Equifax Information Services, LLC is a wholly owned subsidiary of Equifax, Inc., which is a publicly traded company.

## Certification Required by BAP Rule 8015(a)-1(a)

BAP Nos. WW-23-1190; WW-23-1195; WW-23-1199

Brenda M. Johnson, Debtor

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal [list the names of all such parties and identify their connection and interest]:

Equifax Information Services, LLC ("Equifax")

Equifax Inc.

Polsinelli PC, solely in the capacity as attorneys for Equifax

Jane Pearson, solely in the capacity as attorney for Equifax

| */s/ Jane Pearson* | April 10, 2024 |
|---|---|
| Signed | Dated |

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE ........................................................................... 2

CERTIFICATION REQUIRED BY BAP RULE 8015(A)-1(A) ......................... 2

JURISDICTIONAL STATEMENT .................................................................... 1

STATEMENT OF ISSUES PRESENTED .......................................................... 1

STATEMENT OF THE CASE ............................................................................ 1

SUMMARY OF THE ARGUMENT .................................................................. 7

I.     ARGUMENT ............................................................................................. 7

       1.    STANDARD OF REVIEW ................................................................ 7

       2.    DISMISSAL ORDER ........................................................................ 8

       3.    VEXATIOUS LITIGANT ORDER .................................................... 9

       4.    THE OTHER ORDERS ................................................................... 11

CONCLUSION .................................................................................................. 11

CERTIFICATE OF COMPLIANCE ................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 9

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) ........................................................................ 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 570 (2007) ............................................................................... 9

*Brazil v. U.S. Dep't of Navy*,
    66 F.3d 193,199 (9th Cir. 1995) ................................................................... 8

*In re JSJF Corp.*,
    344 B.R. 94 (9th Cir. BAP 2006; *aff'd*, 277 Fed. Appx. 718, WL
    2019590 (2008) ............................................................................................. 7

*Koshkalda v. Schoenmann ( In re Koshkalda)*,
    622 B.R. 749 (9th Cir. BAP) ............................................................. 7, 9, 10

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ........................................................................ 8

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) ........................................................................ 8

*Ringgold-Lockhart v. Cty. of L.A.*,
    761 F.3d 1057 (9th Cir. 2014) .................................................................. 7, 9

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) ........................................................................ 8

*United States v. Hinkson*,
    585 F.3d 1247,1262-63 (9th Cir. 2009) ....................................................... 8

**Statutes**

28 U.S.C. § 157(b)(2) ........................................................................................ 6

28 U.S.C. §158(b) ............................................................................................. 1

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this matter under 28 U.S.C. §158(b).

## STATEMENT OF ISSUES PRESENTED

1. Whether the Bankruptcy Court erred by granting Defendants' Motions to Dismiss.
2. Whether the Bankruptcy Court erred by declaring Plaintiff/Appellant a Vexatious Litigant.
3. Whether the Bankruptcy Court erred by denying the State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss.
4. Whether the Bankruptcy Court erred by granting Puyallup Tribal Gaming Enterprises, Inc.'s Ex Parte Motion Shortening Time and Limiting Notice.

## STATEMENT OF THE CASE

On September 1, 2023, Plaintiff/Appellant Brenda M. Johnson filed the first version of her complaint commencing Adversary Proceeding No. 23-04031 (the "Adversary Proceeding") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court") in which she named approximately 14 defendants and seemed to claim among other allegations a violation of the discharge injunction and demanded $199,100,600,000. Notably, Equifax was not one of the defendants named in the first complaint. Appellee State of Washington's Supplement to Appellant's Designation of Record on Appeal ("Supp. Record") at 1. On September 11, 2023, Ms. Johnson filed a second amended complaint, including "Equifax" as a defendant in the heading of the document, with the same allegations as in the first complaint. Supp. Record at 6.

1

94470406.1

On October 10, 2023, Albertsons Companies, Inc. ("Albertsons") filed its motion to dismiss. Supp. Record at 23. On October 11, 2023, Amazon.com Services LLC ("Amazon") filed its motion to dismiss. Supp. Record at 30. On October 12, 2023, Equifax filed its joinder in the motions to dismiss filed by Albertsons and Amazon. Supp. Record at 35. Also on October 12, 2023, Ms. Johnson filed a Request for Entry of Default and judgment against what appears to be all of the defendants named in the most recently amended complaint and sought $198,311,431,000.00 in damages. Supp. Record at 36. On November 13, 2023, Equifax filed its Response in Opposition to Plaintiff's Motion for Default Judgment. Supp. Record at 38.

On November 8, 2023, the Bankruptcy Court heard argument on the dismissal motions filed by defendants Albertsons, Amazon, Equifax and Puyallup Tribal Gaming Enterprises, Inc. d/b/a/ Emerald Queen Casino and Hotel ("Emerald Queen") [Supp. Record at 59]. The Bankruptcy Court granted dismissal without prejudice and allowed Ms. Johnson leave to amend her complaint to state facts sufficient to support her claims against each defendant. The Judge permitted Ms. Johnson until December 4, 2023 to file an amended complaint. Supp. Record at 96. Appendix to Equifax Information Services, LLC's Appellee's Brief ("Appendix") at 1, November 8, 2023 Transcript, pp. 12-15. During the November 8, 2023 hearing, the Bankruptcy Court also informed Ms. Johnson that the it may also request Ms. Johnson to show cause why she should not be declared a vexatious litigant. *Id*., p. 16.

On November 11, 2023, Ms. Johnson filed an amended complaint. Supp. Record at 98. Ms. Johnson again added defendants but continued to fail to articulate facts supporting her allegations that defendants violated the 2015 bankruptcy discharge order. On November 16, 2023, the Bankruptcy Court entered an Order to

2

Show Cause as to Why Brenda Marie Johnson Should Not be Declared a Vexatious Litigant (the "Show Cause Order"). Supp. Record at 99. The Court set the hearing on the Show Cause Order for December 13, 2023. The Show Cause Order stated that Ms. Johnson's pleading commencing the adversary proceeding had failed to "provide any factual detail or state a plausible claim". *Id.*, p. 2. Additionally, the Bankruptcy Court found that Ms. Johnson had filed a "flurry" of additional documents and exhibits from nine previously closed cases. *Id.*, p. 2.

In the Show Cause Order, the Court listed nine federal court cases instituted by Ms. Johnson against several of the same defendants she named in the Adversary Proceeding. Specifically, she filed multiple lawsuits against Catholic Community Services. *See* U.S. District Court for the Western District of Washington, Case Nos. 16-05727 and 19-05316; Ninth Circuit Court of Appeals, Case Nos. 20-35473 and 23-35233; and U.S. Supreme Court Case No. 23-5493. She has also filed multiple cases against the United States. *See* U.S. District Court for the Western District of Washington, Case Nos. 20-06031 and 20-06180. She filed a case against Pierce County in the U.S. District Court for the Western District of Washington, Case No. 21-05841, and even filed a lawsuit against the U.S. District Court for the Western District of Washington itself. *See* Ninth Circuit Court of Appeals, Case No. 23-70149. Ms. Johnson recently sought to reopen one of these cases to seek contempt against the very defendants she named in the Adversary Proceeding when in 2020 the U.S. District Court for the Western District of Washington had dismissed the case with prejudice. *Id.*, pp. 2-4.

The Bankruptcy Court concluded that a review of these cases showed that Ms. Johnson was "attempting to relitigate past grievances related to certain acts of the defendants". *Id.*, p. 4. The Show Cause Order stated that Johnson's current pleadings do not "lay out facts supporting a claim for violation of the discharge injunction or other orders of the bankruptcy court". *Id.* The Bankruptcy Court narrowly tailored

3

94470406.1

the proposed Order to Show Cause to ensure that the Bankruptcy Court would review the pleadings filed by Ms. Johnson but would not screen Ms. Johnson's future filings on their merits and only barred filings by Ms. Johnson "that make the same claims as those in any case which has been dismissed by this bankruptcy court." *Id*. The Show Cause Order further stated that if Ms. Johnson filed a pleading constituting a new claim, "the Court will direct the Clerk to open a new case." *Id*., p. 4.

On November 17, 2023, Ms. Johnson filed several documents. First, she filed an objection to the Show Cause Order, alleging ethical misconduct by Bankruptcy Court Judge Lynch and accusing Judge Lynch of obstructing justice, breaking laws, and assisting in a crime. Supp. Record at 100. Ms. Johnson filed a Jury Demand [Supp. Record at 101] and a Notice of Appeal to the Bankruptcy Appellate Panel. Supp. Record at 102. In her Notice of Appeal, she appealed the order that denied Washington State's motion for shortened time on its motion to dismiss, the November 9, 2023 Order Granting Defendants' Motions to Dismiss and the Show Cause Order. *Id*.

Finally, Ms. Johnson filed two more amended complaints. The first, filed November 17, 2023, purports to add another defendant and concerns a denial of employment after Ms. Johnson served as a volunteer. Supp. Record at 105. Ms. Johnson's fifth amended complaint, filed November 20, 2023, adds Judge Lynch as a defendant but contains no specific allegations against any of the defendants that substantiate her claims. Supp. Record at 108. Defendants State of Washington [Supp. Record at 79], Amazon [Supp. Record at 113], Albertsons [Supp. Record at 115], Emerald Queen [Supp. Record at 128] and Equifax [Supp. Record at 138] filed motions to dismiss.

On December 5, 2023, Ms. Johnson filed a second Notice of Appeal. Supp. Record at 144. In this appeal, Ms. Johnson appealed the Bankruptcy Court's

4

94470406.1

December 4, 2023 order granting defendant Emerald Queen's motion to shorten time on its motion to dismiss and denial of Washington State's motion to shorten time on its motion to dismiss. *Id*. At the hearing held on December 13, 2023, the Bankruptcy Court granted the motions to dismiss, which was followed by entry of the Order Granting Defendants' Motions to Dismiss With Prejudice (the "Final Dismissal Order"). Supp. Record at 164. The Bankruptcy Court found that, "the Amended Complaint still lacks specific allegations for what the numerous defendants did that violated the discharge injunction or any other facts cognizable and redressable by the Court. *Id.*

At the hearing held on December 13, 2023, the Bankruptcy Court heard lengthy oral argument from Ms. Johnson on the Show Cause Order. Appendix at 2, December 13, 2023 Transcript, pp. 18-26. After oral argument, the Bankruptcy Court found Ms. Johnson to be a vexatious litigant and explained that the Bankruptcy Court would prepare an order imposing filing restrictions. *Id*., pp. 26-28. That same day, Ms. Johnson filed her third Notice of Appeal, apparently challenging the rulings granting dismissal and declaring her a vexatious litigant. Supp. Record at 159.

On December 15, 2023, the Bankruptcy Court entered the Bar Order Declaring Brenda Marie Johnson a Vexatious Litigant and Imposing Pre-Filling Restrictions ("Vexatious Litigant Order"). Supp. Record at 163. The Vexatious Litigant Order contained the same order language as the Order to Show Cause and incorporated the December 13, 2023 oral ruling of the Bankruptcy Court. *Id*. In the oral ruling, the Bankruptcy Court referenced Ms. Johnson's nine closed cases and her attempt to relitigate similar issues in U.S. District Court for the Western District of Washington, Cause No. 19-05316, which was previously dismissed with prejudice. Appendix at 2, p. 26. The Bankruptcy Court stated:

5

> The allegations in the current case and the numerous pleadings demonstrate that Ms. Johnson is seeking courts, other courts, including this Court, to relitigate claims in this Court, claims which this Court does not even have jurisdiction to address. The claims are repetitive. They are not brought in good faith. She does not have counsel. The defendants have been faced with an unnecessary burden, as has the Court's clerk office.
>
> The documents filed have to do with proceedings in a variety of tribunals, including the NLRB, the Social Security Administration, and various local nonprofit and governmental agencies, and individuals working for those agencies. It constitutes improper harassment.

Appendix at 2, p. 28. The Bankruptcy Court noted that it had jurisdiction under 28 U.S.C. § 157(b)(2) and that Ms. Johnson's objection to the Show Cause Order primarily alleged misconduct by the court but did not address the determination that Ms. Johnson was a vexatious litigant. Appendix at 2, p. 26. The Bankruptcy Court's oral ruling also stated that the Bar Order would not prevent Ms. Johnson from appealing but will "prevent her from filing pleadings in this Court, making the same claim, or suing the same parties that have been dismissed in this action." Appendix at 2, p. 28.

Ms. Johnson filed three separate Notices of Appeal from the Bankruptcy Court's decisions in the Adversary Proceeding, none of which raises a single issue worthy of this Court's consideration. Supp. Record at 102, 144 and 159. From Ms. Johnson's various pleadings, it appears that the three notices of appeal, and the orders purportedly covered by such notices of appeal, are as follows:

BAP Appeal No. 23-1190

- Order Denying State of WA's Mtn for Order Shortening Time and Limiting Notice on Motion to Dismiss, Supp. Record 82

- Order Granting Defendants' Motion to Dismiss, Supp. Record 96

6

94470406.1

- Order to Show Cause why Plaintiff Should Not be Declared a Vexatious Litigant, Supp. Record 99

BAP Appeal No. 23-1195

- Order Denying State of WA's Mtn for Order Shortening Time and Limiting Notice on Motion to Dismiss, Supp. Record 82

- Order Granting Puyallup Tribal Gaming Enterprises, Inc.'s Ex Parte Motion Shortening Time and Limiting Notice, Supp. Record 136

BAP Appeal No. 23-1199

- Vexatious Litigant Order, Supp. Record 163

- Final Dismissal Order, Supp. Record 164

## SUMMARY OF THE ARGUMENT

The Court should deny Appellant's frivolous and abusive appeals of the Bankruptcy Court's orders, entered after voluminous serial filings that contained no cognizable legal theory.

## I. ARGUMENT

### 1. STANDARD OF REVIEW

The BAP reviews "the bankruptcy court's conclusions of law and its interpretation of the Bankruptcy Code and Rules de novo, with no deference given to its conclusions." *In re JSJF Corp.*, 344 B.R. 94, 99 (9th Cir. BAP 2006; *aff'd*, 277 Fed. Appx. 718, WL 2019590 (2008). Therefore, this is the standard of review concerning the Final Dismissal Order.

7

The BAP reviews pre-filing orders entered against vexatious litigants, such as the Vexatious Litigant Order, for abuse of discretion. *Koshkalda v. Schoenmann ( In re Koshkalda),* 622 B.R. 749, 757 (9th Cir. BAP) citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014). Abuse of discretion occurs if the court applies an incorrect legal rule or factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 f. 3d 1247,1262-63 & n. 9. (9th Cir. 2009).

### 2. DISMISSAL ORDER

The Bankruptcy Court properly granted Equifax's motions to dismiss, as well as the individual motions to dismiss filed by four other defendants. These motions were brought under Federal Rule of Civil Procedure (FRCP) 12(b)(6), which is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "Although pro se pleadings are construed liberally, even pro se pleadings must meet a minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193,199 (9th Cir. 1995) (internal citations omitted). When a pro se litigant fails to meet that threshold, the appropriate remedy is dismissal. *Id*.

In granting the motions to dismiss under FRCP 12(b)(6), the Bankruptcy Court found that even after serial amendments of her complaint, Ms. Johnson never established any specific allegations that any defendants violated the discharge injunction. Nor did any of the complaints filed by Ms. Johnson allege any facts that were cognizable and redressable by the court. The law discussed above as applied to the facts herein show that none of Ms. Johnson's complaints, including her fifth amended complaint, set forth sufficient facts to support that "a cognizable legal theory" existed. Therefore, dismissal of all versions of the complaints filed by Ms. Johnson was appropriate under FRCP 12(b)(6).

"[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Johnson's various allegations within her complaints do not state a claim, so her case was properly dismissed with prejudice.

### 3. VEXATIOUS LITIGANT ORDER

The Bankruptcy Court did not abuse its discretion when it determined that Ms. Johnson is a vexatious litigant and issued the Vexatious Litigant Order. Bankruptcy courts have inherent authority to sanction vexatious litigation and impose pre-filing restrictions. *Koshkalda v. Schoenmann* (*In re Koshkalda*), 622 B.R. 749, 757-8 (9th Cir. BAP).

To impose these pre-filing restrictions, the following requirements must be met:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered.

9

*Id.* at 758 citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014). In *Koshkalda,* the BAP found that the first three requirements were met. First, *Koshkalda* was given adequate notice of the hearing. Second, the motion listed the pleadings that were the basis for the order, so there was an adequate record. *Id.* at 758-9. Third, the BAP found that the bankruptcy court made substantive findings to support the entry of a pre-filing order by determining that Koshkalda made inordinate frivolous filings, initiated disputes within the case and argued unreasonable and baseless positions causing needless expense to the parties. *Id.* at 761-8.

However, the BAP found that the bankruptcy court entered a pre-filing order that was overly broad because although warranted in the bankruptcy, the bankruptcy court should not have also entered the order in the related completed adversary proceeding. *Id*. at 769. Additionally, both orders were overly broad because they allowed the bankruptcy court to conduct a merits review of future filings by Koshkalda. *Id*. at 769.

The Vexatious Litigant Order entered by the Bankruptcy Court was appropriate based upon Ms. Johnson's actions and meets the requirements set by the BAP in *KoshKalda* and must be upheld. First, Ms. Johnson received adequate notice of the Show Cause hearing and filed pleadings to be considered at the hearing. Second, in the Show Cause Order, the Bankruptcy Court carefully listed the cases that were the basis for the Show Cause Order and the actions by Ms. Johnson that warranted such an order. Third, in the Show Cause Order and in the Vexatious Litigant Order and the incorporated oral ruling, the Bankruptcy Court made extensive findings concerning the actions by Ms. Johnson that required the Vexatious Litigant Order Bar. Finally, the Bankruptcy Court carefully tailored the Vexatious Litigant Order so that the Bankruptcy Court will not evaluate pleadings filed by Ms. Johnson on the merits, which was the issue with the order in *Koshkalda*.

10

Instead, the Bankruptcy Court's review will only prevent Ms. Johnson from filing pleadings in the Adversary Proceeding making the same claims or suing the same parties that were dismissed.

## 4. THE OTHER ORDERS

The Order Denying the State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss, and the Order Granting Puyallup Tribal Gaming Enterprises, Inc.'s Ex Parte Motion Shortening Time and Limiting Notice, are interlocutory. Ms. Johnson's appeal of these orders is one of many examples of her abuse of the judicial process and should be summarily denied.

## CONCLUSION

For the reasons set forth above, the Court should deny all Appellants' appeals, affirm the Bankruptcy Court's orders dismissing the Adversary Proceeding with prejudice and declaring Ms. Johnson a vexatious litigant.

DATED this 10th day of March 2024.

> POLSINELLI PC
>
> */s/ Jane Pearson*
> Jane Pearson, WSBA #12785
> 1000 Second Avenue, Suite 3500
> Seattle, WA 98104
> (206) 393-5415
> jane.pearson@polsinelli.com
>
> *Attorneys for Equifax Information Services, LLC*

11

94470406.1

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above document contains 3,030 words and complies with the type-volume limitations set forth in Bankruptcy Rule 8015.

*/s/ Jane Pearson*
Jane Pearson, WSBA # 12785

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States and the State of Washington that on this April 10, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system. All parties who are registered for electronic notice will receive electronic notice through the CM/ECF system. In addition, on this April 10, 2024, I caused the foregoing document to be served on the following at the addresses listed as follows:

| | |
|---|---|
| Brenda M. Johnson<br>425 South Tacoma Way<br>Tacoma, WA 98406 | ☒ via first-class U.S. mail, postage prepaid<br>☒ via electronic mail to the address noted herein |
| Brenda M. Johnson<br>8118 44th Street West University Place, WA 98402<br>brendajtacoma@aol.com and godisgreatbmj@gmail.com | |
| Thomas B. Nedderman<br>Floyd, Pflueger & Ringer, P.S.<br>Suite 400<br>3101 Western Avenue<br>Seattle, WA 98121 | ☒ via first-class U.S. mail, postage prepaid |

SIGNED in Seattle, Washington on this April 10, 2024

/s/  *Jane Pearson*

13

94470406.1