BAP Nos. WW-23-1190; WW-23-1195; WW-23-1199
_____

# IN THE UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

_____

In re: BRENDA M. JOHNSON,

*Debtor*

_____

BRENDA M. JOHNSON,

*Plaintiff-Appellant*,

v.

ALBERTSONS COMPANIES, INC.; AMAZON.COM SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; PUYALLUP TRIBAL GAMING ENTRPRISES, INC., dba Emerald Queen Casino & Hotel; THE TRAVELERS INDEMNITY COMPANY; STATE OF WASHINGTON,

*Defendants-Appellees*.

On Appeal from the United States Bankruptcy Court
for the Western District of Washington
Petition No. 3:15-bk-41795-BDL
Adv. Proceeding No. 3:23-ap-04031-BDL
Hon. Brian D Lynch

_____

## APPELLE PUYALLUP TRIBAL GAMING ENTERPRISES, INC. D/B/A EMERALD QUEEN CASINO & HOTEL'S ANSWERING BRIEF

_____

Tara J. Schleicher, WSBA #26884
FOSTER GARVEY P.C.
1111 Third Avenue
Seattle, WA 98101
Phone: (206) 447-4400
Email: tara.schleicher@foster.com

*Counsel for Appellee Puyallup Tribal Gaming Enterprises, Inc.*
*d/b/a Emerald Queen Casino & Hotel*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ............................................................................1

STANDARD OF REVIEW ..................................................................9

SUMMARY OF ARGUMENT ........................................................ 11

ARGUMENT ................................................................................ 12

    I.    The Vexatious Litigant Order Is Well-Founded
    and Appropriate. ................................................................ 12

    II.   The Emerald Queen Procedural Order and the First Dismissal Order
    are Interlocutory, Procedural, and Wholly Within the Discretion
    of the Bankruptcy Court. ................................................... 14

    III.   The Final Dismissal Order is Warranted and
    Should be Affirmed. .......................................................... 15

CONCLUSION .............................................................................. 18

CERTIFICATE OF SERVICE FOR ELECTRONIC FILING ...........................1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009)......................................................11, 17, 18

*Brazil v. U.S. Dep't of Navy*,
    66 F.3d 193 (9th Cir. 1995) ...............................................................17

*In re JSJF Corp.*,
    344 B.R. 94 (9th Cir. BAP 2006), *aff'd*, 277 Fed. Appx. 718............................9

*Koshkalda v. Schoenmann* (*In re Koshkalda*),
    622 B.R. 749 (9th Cir. BAP 2020) ..................................................10, 11, 12, 13

*In the Matter of Plaza Family Partnership*,
    95 BR 166 (E.D. Cal. 1989)...............................................................10, 14

*United States v. Hinkson*,
    585 F. 3d 1247 (9th Cir. 2009) .........................................................10

*Weston Family Partnership LLLP v. Twitter, Inc.*,
    29 F.4th 611 (9th Cir. 2022) ..............................................................15

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) .........................................................11, 17

## STATUTES

28 U.S.C. § 157(b)(2).......................................................................8

28 U.S.C. § 158(a) .........................................................................14

11 USC § 525 ..............................................................................17

11 USC § 727 ..............................................................................17

## OTHER AUTHORITIES

Fed. R. Bankr. P. 7012(b) .................................................................2

## OTHER AUTHORITIES (Continued)

Fed. R. Bankr. P. 9006(c) .....................................................................10, 14

Fed. R. Civ. P. 12(b)(6)...............................................................................2

## INTRODUCTION

Plaintiff and Appellant Brenda Johnson ("**Johnson**") filed three separate Notices of Appeal from decisions of the United States Bankruptcy Court for the Western District of Washington, Hon. Brian Lynch presiding (the "**Bankruptcy Court**"). In accordance with the Bankruptcy Appellate Panels' ("**BAP**") Order re Filing Appeals, etc., BAP Dot. No. 9, Appellee Puyallup Tribal Gaming Enterprises, Inc. d/b/a/ Emerald Queen Casino & Hotel ("**Emerald Queen**") submits a single brief in response to all three appeals.

For the reasons set forth below, none of the multiple rulings identified in Johnson's various Notices of Appeal raises any issues worthy of this panel's consideration. The Bankruptcy Court properly ruled that Johnson's various documents considered together as complaints failed to sufficiently state claims over which the Bankruptcy Court had jurisdiction. The Bankruptcy Court also properly imposed filing limitations as a vexatious litigant on Johnson as to claims for which she seeks to relitigate other courts' decisions. Johnson's appeals should be dismissed and the Bankruptcy Court's various orders that are the subject of Johnson's Notices of Appeal should be affirmed.

## STATEMENT OF CASE

On September 1, 2023, Johnson filed the first version of her complaint in Adversary Proceeding No. 23-04031-BDL (the "**Adversary Proceeding**") in

1

which she named approximately 14 defendants and seemed to claim among other allegations a violation of the discharge injunction, and demanded $199,100,600,000. Appendix ("**App**") 1-7, ECF No. 1. On September 11, 2023, Johnson filed an "Amended Motion Contempt of Court" (the "**First Amended Complaint**") and listed "Emerald Queen" and "Emerald Queen Casino" as an additional defendant. App 8-14, ECF No. 6. On October 12, 2023, Johnson filed a Request for Entry of Default and judgment against what appears to be all the defendants named in the most First Amended Complaint and sought $198,311,431,000.00 in damages. App 15-20, ECF No. 36.

On October 27, 2023, Emerald Queen filed a Joinder; Motion to Dismiss; and Response to Plaintiff's Motion for Contempt of Court and Request for Entry of Default. App 21-27, ECF No. 59 ("**Emerald Queen MTD**"). Emerald Queen noted the hearing for November 8, 2023, with an order to shorten time to join the hearing date and time set for the motions to dismiss and joinders brought by four other defendants. App 28-36, ECF No. 66, 67. In the Emerald Queen MTD, Emerald Queen sought dismissal of the claims against it under Fed. R. Civ. P. 12(b)(6), made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012(b), for failure to state a claim, insufficient service of process and on the grounds that any applicable statute of limitations for personal injury against

Emerald Queen based upon allegations from 2019 had run. App. 23-25, ECF No. 59.

On November 8, 2023, the Bankruptcy Court heard argument on the dismissal motions filed by defendants Albertsons Companies, Amazon.com Services LLC, Equifax Information Services, LLC and Emerald Queen. App 40-42, ECF No. 96. The Bankruptcy Court granted dismissal of the First Amended Complaint without prejudice and allowed Johnson to amend her complaint to state facts sufficient to support her claims against each defendant. App. 40-42, ECF No. 96 (the "**First Dismissal Order**"). The Judge permitted Johnson until December 4, 2023 to file an amended complaint. *Id.*; App [1-17], 11/8/23 Transcript pgs. 12-15. At the hearing on November 8, 2023, the Bankruptcy Court also informed Johnson that it may also request Johnson to show cause why she should not be declared a vexatious litigant. App [1-17] 43-59, 11/8/23 Transcript p. 16.

On November 11, 2023, Johnson filed an amended complaint. App 60-84, ECF No. 98. Johnson again added defendants but still failed to articulate facts supporting her allegations that defendants violated the 2015 bankruptcy discharge order.

On November 16, 2023, the Bankruptcy Court entered an "Order to Show Cause as to Why Brenda Marie Johnson Should Not be Declared a Vexatious Litigant." App 85-89, ECF No. 99 (the "**Order to Show Cause**"). The

Bankruptcy Court set the hearing on the Order to Show Cause for December 13, 2023. The Order stated Johnson's pleading commencing the Adversary Proceeding had failed to "provide any factual detail or state a plausible claim". App 85-89, ECF No. 99, pg.2. Additionally, the Bankruptcy Court found that plaintiff had filed a "flurry" of additional documents and exhibits from nine previously closed cases. *Id.*

In the Order, the Bankruptcy Court listed nine federal court cases commenced by Johnson against several of the same defendants she named in the Adversary Proceeding. *Id.* Specifically, she filed multiple lawsuits against Catholic Community Services. *See* U.S. District Court for the Western District of Washington Case Nos. 16-05727 and 19-05316; Ninth Circuit Court of Appeals Case Nos. 20-35473 and 23-35233; and U.S. Supreme Court Case No. 23-5493. She has also filed multiple cases against the United States. *See* U.S. District Court for the Western District of Washington Cases No. 20-06031 and 20- 06180. She filed a case against Pierce County in U.S. District Court for the Western District of Washington Case No. 21-05841 and even filed a lawsuit against the U.S. District Court for the Western District of Washington itself. *See* Ninth Circuit Court of Appeals Case No. 23-70149. Johnson recently sought to reopen one of these cases (which the District Court had dismissed with prejudice in 2020) to seek contempt

against the very defendants she named in the Adversary Proceeding.  App 85-89,
ECF No. 99, pgs. 2-4.

The Bankruptcy Court concluded that a review of these cases showed that
Johnson was, in the case before it, "attempting to relitigate past grievances related
to certain acts of the defendants."  App 99, ECF No. 99, p. 4.  The Order stated that
Johnson's current pleadings do not "lay out facts supporting a claim for violation
of the discharge injunction or other orders of the bankruptcy court."  *Id.*  The
Bankruptcy Court narrowly tailored the proposed Order to Show Cause to ensure
the Bankruptcy Court would review the pleadings filed by Johnson but would not
screen Johnson's future filings on their merits and only barred filings by Johnson
"that make the same claims as those in any case which has been dismissed by this
bankruptcy court."  *Id.*  The Order stated that if Johnson filed a pleading
constituting a new claim, "the Court will direct the Clerk to open a new case."  *Id.*

On November 17, 2023, Johnson filed several documents.  First, Johnson
filed an objection to the Order to Show Cause alleging ethical misconduct by Judge
Lynch and accusing the Judge Lynch of obstructing justice, breaking laws, and
assisting in a crime.  App 90-99, ECF No. 100.  Johnson also filed a Jury Demand
and a Notice of Appeal to the Bankruptcy Appellate Panel (BAP).  App 100-104
and 105-111, ECF No. 101 and 102.  In her Notice of Appeal, App 105-111, ECF
No. 102, she appealed the Order Granting Defendants' Motions to Dismiss with

Leave to Amend, App 40-42, ECF No. 96, and the Order to Show Cause, App 85-89, ECF No. 99.

Finally, Johnson filed documents purporting to be a second amended complaint (the "**Second Amended Complaint**"), to add another defendant and concerns regarding a denial of employment after Johnson served as a volunteer. App 112-114 and 115-140, ECF No. 105, 108. Johnson also added Judge Lynch as a defendant. *Id.* But Johnson's Second Amended Complaint still contained no specific allegations against any of the defendants to substantiate her claims. *Id.* Defendants Amazon.com, Albertsons Companies, Emerald Queen, and Equifax Services filed motions to dismiss the Second Amended Complaint. App 141-148, 149-156, 157-160, 164-169 and 170-175, ECF No. 113, 115, 138, 128, 141.

On December 5, 2023, Johnson filed a second Notice of Appeal. App 176-177, ECF No. 144. In that notice, Johnson appealed the Bankruptcy Court's November 3, 2023, order denying the State's Shorten Time Motion, App 37-39, ECF No. 82; and the Bankruptcy Court's December 4, 2023, order granting defendant Emerald Queen's motion to shorten time, App 28-30, ECF No. 136 (the "**Emerald Queen Procedural Order**"). *Id.*

At the hearing on December 13, 2023, the Bankruptcy Court granted Amazon.com, Albertsons Companies, Emerald Queen and the State's motions to dismiss with prejudice. App 178-206, 12/13/23 Transcript at pp. 194-195. The

6

Bankruptcy Court found that the Second Amended Complaint still lacked specific allegations as to what the numerous defendants did that violated the discharge injunction or any other facts cognizable and redressable by the Bankruptcy Court. *Id.* at 193-194.  The Bankruptcy Court then heard lengthy oral argument from Johnson on the Order to Show Cause.  *Id.* at 195-203.  After hearing oral argument, the Bankruptcy Court found Johnson to be a vexatious litigant and explained that he would prepare an order imposing filing restrictions.  *Id.* at App 203-206.

On December 15, 2023, the Bankruptcy Court entered the Order Granting Defendants' Motions to Dismiss with Prejudice (the "**Final Dismissal Order**"). App 228-230, ECF No. 164.  The  Bankruptcy Court also entered an Order Declaring Brenda Marie Johnson a Vexatious Litigant and Imposing Pre-Filling Restrictions (the "**Vexatious Litigant Order**").  App 225-227, ECF No. 163.  The Vexatious Litigant Order contained the same order language as the Order to Show Cause and incorporated the December 13, 2023, oral ruling of the Bankruptcy Court.  *Id.*  In the oral ruling, the Bankruptcy Court referenced Johnson's nine closed cases and her attempt to relitigate similar issues in Western Washington District Court, Case No. 19-05316, which was previously dismissed with prejudice.  App 178-206, 12/13/23 Transcript at pp. 203-206.  The Bankruptcy Court stated:

> The allegations in the current case and the numerous pleadings demonstrate that Ms. Johnson is seeking courts, other courts,

7

> including this Court, to relitigate claims in this Court, claims which this Court does not even have jurisdiction to address. The claims are repetitive. They are not brought in good faith. She does not have counsel. The defendants have been faced with an unnecessary burden, as has the Court's clerk office.
>
> The documents filed have to do with proceedings in a variety of tribunals, including the NLRB, the Social Security Administration, and various local nonprofit and governmental agencies, and individuals working for those agencies. It constitutes improper harassment.

*Id.* at App 205. The Bankruptcy Court noted that it had jurisdiction under 28 U.S.C. § 157(b)(2) and that Johnson's objection to the Order to Show Cause primarily alleged misconduct by the court but did not address the determination that Johnson was a vexatious litigant. *Id.* at App p. 203. The Bankruptcy Court's oral ruling also stated that the Vexatious Litigant Order would not prevent Johnson from appealing but will "prevent her from filing pleadings in this Court, making the same claim, or suing the same parties that have been dismissed in this action." *Id.* at App 205.

As previously noted, Johnson filed three separate notices of appeal from the Bankruptcy Court's decisions in the Adversary Proceeding. App 105-111, 176-177 and 207-224, ECF No. 102, 144 and 159. From Johnson's various pleadings, it appears the three notices of appeal, and the orders purportedly covered by such notices of appeal, are as follows:

BAP Appeal No. 23-1190

- Order Denying State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss, App 37-39, ECF No. 82

- First Dismissal Order, App 40-42, ECF No. 96

- Order to Show Cause why Plaintiff Should Not be Declared a Vexatious Litigant, App 85-89, ECF No. 99

BAP Appeal No. 23-1195

- Order Denying State of Washington's Motion for Order Shortening Time and Limiting Notice on Motion to Dismiss, App 37-39, ECF No. 82

- Emerald Queen Procedural Order, App 161-163, ECF No. 136

BAP Appeal No. 23-1199

- Vexatious Litigant Order, App 225-227, ECF No. 163

- Final Dismissal Order, 228-230, ECF No. 164

**STANDARD OF REVIEW**

The BAP reviews "the bankruptcy court's conclusions of law and its interpretation of the Bankruptcy Code and Rules de novo, with no deference given to its conclusions." *In re JSJF Corp*., 344 B.R. 94, 99 (9th Cir. BAP 2006), *aff'd*,

277 Fed. Appx. 718, WL 2019590 (9th Cir. 2008). Therefore, this is the standard of review concerning the Final Dismissal Order.

The BAP reviews pre-filing orders entered against vexatious litigants, such as the Vexatious Litigant Order, for abuse of discretion. *Koshkalda v. Schoenmann (In re Koshkalda),* 622 B.R. 749, 757 (9th Cir. BAP 2020) (citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057, 1062 (9th Cir. 2014)). Abuse of discretion occurs if the court applies an incorrect legal rule or if factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F. 3d 1247, 1262-63 & n. 9 (9th Cir. 2009).

Orders entered by bankruptcy courts for the shortening of time are interlocutory and are not final orders subject to appeal. *See In the Matter of Plaza Family Partnership*, 95 BR 166, 170 (E.D. Cal. 1989) (an order shortening time is not a final order and therefore not appealable). Under Fed. R. Bankr. P. 9006(c), such orders are firmly within the discretion of the bankruptcy court. Thus, even if appealable, the Emerald Queen Procedural Order would be subject to an abuse of discretion standard of review. However, neither the Emerald Queen Procedural Order nor the First Dismissal Order were final orders of the Bankruptcy Court and, are thus, not subject to appeal.

## SUMMARY OF ARGUMENT

The Bankruptcy Court has discretion to enter pre-filing orders and did not abuse that discretion in entering the Vexatious Litigant Order because the order met the requirements set out in *In re Koshkalda,* 622 B.R. 749, 758 (9th Cir. BAP 2020). The Bankruptcy Court gave Johnson notice and an opportunity to oppose the Vexatious Litigant Order before it was entered, compiled an adequate record regarding the conclusion that such an order was needed to prevent harassment and limited the Vexatious Litigant Order to claims that Johnson had previously brought and which had been dismissed.

The Emerald Queen Procedural Order and the First Dismissal Order were interlocutory orders that are not subject to appellate review.

The Bankruptcy Court properly concluded that Johnson's Second Amended Complaint did not fix the problems associated with the First Amended Complaint. Johnson's filing of a myriad of documents that did not address in any manner a violation of any bankruptcy statute by any of the defendants dictated a dismissal with prejudice of her claims, but rather constituted efforts to relitigate claims that had been previously dismissed by other courts. Johnson's Second Amended Complaint failed to meet the requirements set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) and *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021) to state a claim for relief against Emerald Queen.

11

# ARGUMENT

## I. The Vexatious Litigant Order Is Well-Founded and Appropriate.

Even a cursory review of the record before the Bankruptcy Court demonstrates that the Bankruptcy Court was well justified in recognizing Johnson as a vexatious litigant and in entering the Vexatious Litigant Order. Bankruptcy courts have inherent authority to sanction vexatious litigation and impose pre-filing restrictions. *Koshkalda,* 622 B.R. at 757-8.

To impose these pre-filing restrictions, the following requirements must be met:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered.

*Id.* at 758 (citing *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d at 1062). The BAP in *Koshkalda* found that the first three requirements were met. First, Koshkalda was given adequate notice of the hearing. *Id.* Second, the motion listed the pleadings that were the basis for Order so there was an adequate record. *Id.* at 758-59. Third, the BAP found that the Bankruptcy Court made substantive findings to support the entry of a pre-filing order by determining that Koshkalda

12

made inordinate frivolous filings, initiated disputes within the case and argued unreasonable and baseless positions causing needless expense to the parties. *Id.* at 761-68.

However, the BAP found that the court entered a pre-filing order that was overly broad **because**, although warranted in the bankruptcy proceeding, the court should not have also entered the order in the related, completed adversary proceeding. *Id.* at 769. Additionally, both orders were overly broad because they allowed the court to conduct a merits review of future filings by Koshkalda. *Id.* at 769.

The Vexatious Litigant Order entered by the Bankruptcy Court in this case was appropriate based upon Johnson's actions, it meets the requirements set by the BAP in *Koshkalda* and it must be upheld. First, Johnson received adequate notice of the Order to Show Cause **hearing** and filed pleadings to be considered at the hearing. Second, in the Order to Show Cause, the Bankruptcy Court carefully listed the cases that were the basis for the Order and the actions by Johnson that warranted such an Order. Third, in the Order to Show Cause, Vexatious Litigant Order and incorporated oral ruling, the Bankruptcy Court made extensive findings concerning the actions by Johnson that required the Vexatious Litigant Order. Finally, the Bankruptcy Court carefully tailored the Vexatious Litigant Order so the Bankruptcy Court will not evaluate pleadings filed by Johnson on the merits,

13

which was the issue with the order in *Koshkalda*. Instead, the Bankruptcy Court's review will only prevent Johnson from filing pleadings in the Bankruptcy Court making claims that have previously been dismissed.

Because the Bankruptcy Court's Vexatious Litigant Order meets the standards set by the BAP in *Koshkalda*, is narrowly tailored and does not require an evaluation of pleadings based on the merits the BAP should affirm the entry of that order.

## II. The Emerald Queen Procedural Order and the First Dismissal Order are Interlocutory, Procedural, and Wholly Within the Discretion of the Bankruptcy Court.

Appeals may generally be taken only from *final* orders of bankruptcy courts, not from interlocutory orders (except with leave of the court or as specifically permitted by statute). 28 U.S.C. § 158(a). The Emerald Queen Procedural Order and the First Dismissal Order are not final orders and are not appealable.

The Emerald Queen Procedural Order is the kind of order courts customarily enter in the ordinary course of controlling their dockets. Orders shortening time are interlocutory and are not final orders subject to appeal. *See In the Matter of Plaza Family Partnership*, 95 BR 166, 170 (E.D. Cal. 1989) (an order shortening time is not a final order and therefore not appealable). Moreover, such orders are firmly within the discretion of the bankruptcy court. Fed. R. Bankr. P. 9006(c) (allowing a reduction of time is within the discretion of the bankruptcy court).

14

Johnson makes no showing, or even argument, that the Bankruptcy Court abused its discretion in **entering** the Emerald Queen Procedural Order. The Emerald Queen Procedural Order should be summarily affirmed.

The First **Dismissal** Order dismissed Johnson's First Amended Complaint[1] without **prejudice**, granting Johnson leave to amend her complaint. Johnson took that opportunity to amend, and her Second Amended Complaint was the subject of the Final Dismissal Order. Accordingly, the First Dismissal Order was interlocutory and nonappealable. *See Weston Family Partnership LLLP v. Twitter, Inc.*, 29 F.4th 611, 618 (9th Cir. 2022) ("…

typically, orders dismissing claims with leave to amend are considered not final and thus not appealable as of right").

## III. The Final Dismissal Order is Warranted and Should be Affirmed.

<u>Before</u> the First **Dismissal** Order was entered, Johnson had already filed several versions of her complaint and supplemented them with some forty-five other pleadings. ECF Nos. 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 25, 26, 27, 36, 37, 39, 40, 41, 42, 43, 45, 46, 49, 51, 52, 53, 54, 55, 62, 63, 64, 65, 69, 71, 72, 76, 80, 85, 86, 87, 88, 89, 91, 92, and 94.

<u>After</u> the First Dismissal Order, **Johnson** filed a document entitled Amended Complaint. App 60-84, ECF No. 98. She then supplemented the Amended

---

[1] By the time the First Dismissal Order was entered, Johnson had already filed several versions of her complaint and supplemented it with numerous other pleadings. See below.

15

Complaint at least nineteen more times, ECF Nos. 105, 108, 109, 118, 119, 120, 126, 130, 132, 133, 134, 135, 137, 139, 140, 151, 152, 154, 156, some filed before various defendants filed motions to dismiss, others filed after those motions to dismiss. Those supplements are all in addition to Johnson's numerous other pleadings captioned as replies and more akin to oppositions to the motions to dismiss. ECF Nos. 117, 121, 143, 149, 150.

With or without its numerous **supplements**, the Second Amended Complaint does not solve any of the deficiencies Judge Lynch identified in the First Amended Complaint, as described in the First Dismissal Order. The Second Amended Complaint is nothing but a confused compilation of alleged harms suffered by Johnson at the hands of various unspecified combinations of some or all of the fifty named defendants, covering such things as an automobile accident, police brutality, failure to pay government benefits, violation of a domestic restraining order, civil rights violations, and employment discrimination. It falls far short of stating a claim against Emerald Queen, and it is does not even attempt to assert any claims that are cognizable in the Bankruptcy Court, whether against Emerald Queen or any other defendant. The Second Amended Complaint was therefore properly dismissed with prejudice.

No reasonable person could read Johnson's complaints and **understand** what, <u>if anything</u>, Emerald Queen is accused of, much less how it has allegedly engaged

16

in contempt of court. As such, dismissal is the appropriate result. "Although *pro se* pleadings are construed liberally, even *pro se* pleadings must meet a minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (internal citations omitted). When a *pro se* litigant fails to meet that threshold, the appropriate remedy is dismissal. *Id.*

"Threadbare recitals" with "mere conclusory statements" do not suffice for a plaintiff's claims to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Second Amended Complaint suffers from an even more serious and even more basic defect: there are absolutely no allegations that are cognizable in the Bankruptcy Court. There is nothing indicating that her claims have any relevance whatsoever to her bankruptcy proceeding, let alone the discharge Johnson received in her bankruptcy case in 2015. The only substantive claim Johnson could conceivably now make in an adversary proceeding in her bankruptcy case is a violation of the discharge injunction under 11 USC § 727 or unlawful discrimination based on her discharge under 11 USC § 525. No matter how charitably one may read Johnson's thousands of pages of submissions to the

17

Bankruptcy Court, there is nothing whatsoever there that could possibly support such a claim.

"[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Bankruptcy Court need not reach the issue of plausibility – there is not even the whiff of a cognizable claim for relief against Emerald Queen or any of the other defendants for that matter. Accordingly, the Second Amended Complaint does not state a claim upon which relief may be granted.

The Bankruptcy Court correctly dismissed the Second Amended Complaint with prejudice in the Final Dismissal Order. The judgment below should be affirmed in all respects.

## CONCLUSION

For all the foregoing reason, the judgment below and all orders from which Johnson appeals should be affirmed in all respects and Johnson's appeals should be dismissed.

RESPECTFULLY SUBMITTED on this 10th day of April, 2024.

**FOSTER GARVEY P.C.**

*/s/ Tara J. Schleicher*
Tara J. Schleicher, WSBA #26884

*Counsel for Appellee Puyallup Tribal Gaming Enterprises, Inc. d/b/a Emerald Queen Casino & Hotel*

# IN THE UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE NINTH CIRCUIT

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

**BAP Case Nos. WW-23-1190; WW-23-1195; WW-23-1199**

I hereby certify that on April 10, 2024, I electronically filed the foregoing documents on this date with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit using the CM/ECF system.

I further certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic service, or have consented in writing to electronic service, or have designated mailing addresses in the above-noted matter, and that service will be accomplished through the CM/ECF system and by U.S. mail.

| **Via U.S. Mail & Email:** | **E-Service via CM/ECF Notification:** |
|---|---|
| Brenda M. Johnson<br>425 S. Tacoma Way<br>Tacoma, WA 98406<br><br>Brenda M. Johnson<br>8118 44th Street West<br>University Place, WA 98402<br><br>Email: brendajtacoma@aol.com<br>Email: godisgreatbmj@gmail.com | Alan D. Smith<br>Perkins Coie, LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Email: ADSmith@perkinscoie.com |
| **E-Service via CM/ECF Notification:** | **E-Service via CM/ECF Notification:** |
| Ruby A. Nagamine<br>Brian T. Peterson<br>K&L Gates, LLP<br>925 4th Avenue, Suite 2900<br>Seattle, WA 98104<br>Email: Ruby.Nagamine@klgates.com<br>Email: Brian.Peterson@klgates.com | Jane Pearson<br>Polsinelli, PC<br>1000 Second Avenue, Suite 3500<br>Seattle, WA 98104<br>Email: jane.pearson@polsinelli.com |

| **Via U.S. Mail & Email:** | **E-Service via CM/ECF Notification:** |
|---|---|
| Thomas B. Nedderman<br>Floyd, Pflueger & Ringer, P.S.<br>3101 Western Avenue, Suite 400<br>Seattle, WA 98121<br>Email:  tnedderman@floyd-ringer.com | Dina L. Yunker<br>Office of the Attorney General<br>Assistant Attorney General<br>Bankruptcy & Collections Unit<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>Email:  Dina.Yunker@atg.wa.gov |

**Description of Documents Served:**

1. APPELLE PUYALLUP TRIBAL GAMING ENTERPRISES, INC. D/B/A EMERALD QUEEN CASINO & HOTEL'S ANSWERING BRIEF; and

2. APPELLE PUYALLUP TRIBAL GAMING ENTERPRISES, INC. D/B/A EMERALD QUEEN CASINO & HOTEL'S SUPPLEMENT EXCERPTS OF RECORDS – VOLUME 1 OF 1

DATED this 10th day of April, 2024.

FOSTER GARVEY P.C.

*/s/ Tara J. Schleicher*

Tara J. Schleicher, WSBA #26884
FOSTER GARVEY P.C.
1111 Third Avenue
Seattle, WA 98101
Phone: (206) 447-4400
Email:  tara.schleicher@foster.com

*Counsel for Appellee Puyallup Tribal
Gaming Enterprises, Inc. d/b/a
Emerald Queen Casino & Hotel*